# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE VERNON : | |
| 112 Tracy Circle : | |
| Laurel, DE 19956 : | CIVIL ACTION |
| : | |
| Plaintiff, : | No.: |
| : | |
| v. : | |
| : | |
| GENESIS HEALTHCARE INC., d/b/a : | **JURY TRIAL DEMANDED** |
| GENESIS HEALTHCARE : | |
| 101 E. State Street : | |
| Kennett Square, PA 19348 : | |
| : | |
| Defendant. : | |

## COMPLAINT

Plaintiff, Elaine Vernon (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.   Introduction

1.   Plaintiff has initiated this action to redress violations by Genesis Healthcare Inc., d/b/a Genesis Healthcare (hereafter "Defendant") of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), and the Americans with Disabilities Act, as Amended ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*) the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951 *et seq.* ("PHRA").[1]   Plaintiff was unlawfully terminated from Defendant and not re-hired because of her advanced age, due to her disabilities and/or her need for accommodations, and she suffered damages as sought *infra*.

---

[1] A reference to claims under the PHRA are made herein only for notice purposes. Plaintiff's case was administratively closed with the EEOC and she has thus been required to timely initiate the instant lawsuit. However, she will seek leave to amend her complaint by adding identical claims (as alleged under ADA/ADEA) under the PHRA once such claims are also fully administratively exhausted.

## II. Jurisdiction and Venue

2. This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co v. State of Washington*, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. Parties

5. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6. Plaintiff is an adult female who resides at the above-captioned address.

7. Defendant is in the business of providing skilled nursing and rehabilitation care to patients across the United States and is headquartered at the above-captioned address.

8. At all times relevant herein, Defendant acted through by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. Factual Background

9. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

10. Plaintiff is a 59-year-old female.

11. Plaintiff was hired by Defendant on or about July 9, 2012; and in total, she had worked for Defendant for approximately 9 years.

12. Plaintiff worked as a "Pre-Certification Coordinator," which involved obtaining pre-certification paperwork and processing same (and ultimately obtaining authorization from insurances) for patients needing diagnostic testing, and various medical procedures as well as authorizations for skilled nursing admissions.

13. While Plaintiff had been assigned to work for varying managers during her tenure with Defendant (and at different levels), at all relevant times *herein*, Plaintiff was supervised by Lisa Trautman.

14. Trautman had been Plaintiff's manager for the last several years of Plaintiff's employment, and Trautman's title was "Senior Director of Intake and CareLine Management"; above Trautman, but within Plaintiff's chain of command was Natalie Snell: "Regional Marketing Manager."

15. Plaintiff suffers from a host of disabilities, including but not limited to carpel tunnel, elbow problems (and related complications), diabetes,[2] coronary artery disease, blood-

---

[2] "[T]he ADAAA was adopted to specifically address certain impairments that were not receiving the protection that Congress intended—cancer, HIV-AIDS, epilepsy, **diabetes**, multiple sclerosis, amputated and partially amputated limbs, post-traumatic stress disorder, intellectual and developmental disabilities. . . . " *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 513 (E.D. Pa. 2012) (citing 154 Cong. Rec. H8286 (2008) (statement of Rep. George Miller)(emphasis added)). Even pre-Amendments Act, diabetes was a held to be a qualifying disability. *See e.g. Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 923 (7th Cir. 2001)(a diabetic with insulin-dependence was disabled under the ADA.); *Nawrot v. CPC Int'l*, 277 F.3d 896, 905 (7th Cir. 2002)(a plaintiff with uncontrollable hypoglycemic episodes due to his inability to control his blood sugar was disabled within the meaning of the ADA);

pressure & hypertension problems, and anemia, which at times substantially impact Plaintiff's ability to perform major life activities, such as performing manual tasks, caring for herself when symptoms are flaring and she experiences fatigue and weakness, regulating blood sugar (an endocrine function), urinating, circulatory functioning, and at times working.

16. Plaintiff had pursued workers' compensation claims as a result of her elbow related injuries, which were known to Defendants, and underwent surgery for numerous trigger finger releases/carpal tunnel release surgery.

17. In addition, during 2019 and 2020, Plaintiff requested reasonable accommodations in the form of (i) time off from work due to a hospitalization in or about March of 2019 for cardiac issues (and placement of a stent), and (ii) schedule modification due to her diabetes, and other health issues, which requests were denied.

18. Plaintiff had formally requested a particular work shift (day shift) in order to eat at set time frames (for blood sugar management) and for scheduling predictability for her other underlying health conditions; as stated, the accommodation was denied, but same became less necessary for Plaintiff as she began telecommuting as a result of the COVID-19 pandemic and was able to work from home and manage meals.

19. In 2020, and during the last 6 months of Plaintiff's employment, Plaintiff began to miss intermittent times from work for cardiac care, anemia and blood pressure problems.

20. On at least 3-4 occasions during the last six (6) months of Plaintiff's employment, she made requests to Trautman for accommodations related to her diabetes (pertaining to breaks, as she is insulin dependent and needed to manage her meals).

---

*Gilday v. Mecosta Cnty.*, 124 F.3d 760, 762-65 (6th Cir. 1997)(a diabetic with fluctuating blood-sugar levels that caused irritability such that he could not get along with co-workers was disabled).

4

21. However, the facility was understaffed and busy, and there were many occasions Plaintiff was not afforded her 15 minute break (or any break at all)(though breaks were supposed to be allotted twice per day – even when working remotely).

22. When Plaintiff did pursue the aforesaid accommodations through Trautman, Trautman was rude, lacking in empathy, and made Plaintiff feel as though she was causing an inconvenience.

23. In fact, Trautman stated: "they should put you in the hospital and find out everything that is wrong with you at one time."

24. In short, any time Plaintiff needed any type of medical accommodation, be it intermittent time off from work, or breaks for her diabetes, Trautman's response was overt hostility.

25. Effective June 1, 2021, Plaintiff was abruptly terminated as part of a large lay off/reduction in force by Defendant.

26. Plaintiff was one (1) of six (6) other people performing in her same role.

27. Plaintiff was one of the oldest employees out of the six (6) employees performing in her role, and an employee known to have a history of health problems/related needs for accommodations.

28. Yet, Plaintiff (and only one other individual) were chosen for separation, though may of the other younger people retained in her position were i.) less senior; ii.) less experienced and iii.) less qualified.

29. In fact, one (1) of the individuals retained had only worked for Defendant for 1/3 of the time Plaintiff was employed in this role, and Plaintiff had actually trained this individual.

30.     In addition to arbitrarily selecting Plaintiff for the layoff based upon her advanced age/health problems, Defendant declined to place Plaintiff in any alternative positions (though they had done so with the one other employee affected by the layoff, and who was doing the same job as Plaintiff), and despite Plaintiff's objective qualifications for numerous other roles within Defendants.

31.     To compound Defendant's discriminatory/retaliatory animus toward Plaintiff, Plaintiff was not selected for re-hire post layoff, though Defendant was calling others back and reassigning jobs (even without applications).

32.     Solely by way of example, Tratuman hired someone for Plaintiff's same role (a woman named "Joan") who didn't even have comparable experience to Plaintiff, but was a former information-technology employee of Defendant, thus requiring training.

33.     After the layoff, Defendant even publicly advertised for Plaintiff's own job "Coordinator-Pre-Certification," at which time Plaintiff texted Trautman to be rehired into her old position, and Plaintiff submitted a formal application.

34.     Trautman ignored Plaintiff's text and Plaintiff subsequently received an email about her formal application in pertinent part as follows: "While your background is impressive, we have candidates whose qualifications are more in line with our business needs."

35.     Plaintiff was presented with a formal release at the time of her termination on June 1, 2021, however, the release did not comport with the ADEA/ OWBPA[3] requirements and

---

[3] The Older Worker Benefits Protection Act (OWBPA), 29 U.S.C. § 626(f), "is designed to protect the rights and benefits of older workers." *Oubre v. Entergy Ops., Inc.*, 522 U.S. 422, 427, 118 S. Ct. 838, 139 L. Ed. 2d 849 (1998). "When a worker within the class protected by the age discrimination law (age 40 and up) leaves his employment, it is common for the employer to try to obtain a waiver of the worker's right to bring a suit under that law." *Blackwell v. Cole Taylor Bank*, 152 F.3d 666, 669 (7th Cir. 1998). In order for such a waiver to be valid, the OWBPA requires the employer to provide the employee with certain information so that he or she can assess, with the assistance of counsel, the viability of such a discrimination claim. *Raczak v. Ameritech Corporation*, 103 F.3d

therefore is invalid as a matter of law for the release of her age discrimination (wrongful termination) claims. (Of course, nothing respecting her release of claims at the time of her termination has any impact on future claims which accrued thereafter, including her failure to hire claims set forth *herein*).

36. In particular, the release only provided a few sentences of barely legible information about two (2) employees being retained and two (2) employees being affected by a reduction in force; however, Plaintiff came to learn that over 100 employees were impacted by this reduction in force and not identified in any attachments to the severance agreement (<u>and nor was her entire management or decisional unit</u>).

37. Trautman managed at least six (6) people in Plaintiff's same role, (all deemed based from Kennett Square, PA even if remote like Plaintiff), and were all assigned to the East Division, Central Division, North East Division, and Western Division.

38. Defendant made no effort to identify separation or retention information for people in Plaintiff's same job position, under the same management (nor details of others within the entire CareLine Department). *See Ray v. AT&T Inc.*, 2019 U.S. Dist. LEXIS 5638, at *8 (E.D. Pa. 2019)(invalidating waiver of ADEA claims because Defendant ***concealed*** critical information about selections in particular geographic locations and units. This creates ***an inference of age discrimination***).[4]

---

1257, 1259 (6th Cir. 1997). Specifically, the OWBPA provides that an individual may not waive a claim under the ADEA "unless the waiver is knowing and voluntary." 29 U.S.C. § 626(f)(1).

[4] The OWBPA requires a more detailed informational disclosure when a waiver is sought "in connection with an exit incentive or other employment termination program offered to a group or class of employees." Section 626(f)(1)(H). In those cases, as noted above, the employer must:

> inform[ ] the individual in writing in a manner calculated to be understood by the average individual eligible to participate, as to-

39. Defendant's efforts to conceal the decision unit here, or reductions in the department at issue, and others impacted/not impacted is evidence of pretext. *See e.g. Oinonen v. TRX, Inc.*, 2010 U.S. Dist. LEXIS 54491, at *14 (N.D. Tex. 2010)("the Court agrees that [defendant's] decision to pay for waivers it knew, or should have known, to be invalid supports a plausible inference of age discrimination.").

40. Defendant selectively eliminated employees using subjective criteria claiming "streamlining," "reorganization," and job "elimination," but used age-based criteria as to Plaintiff[5] -- all the while posting her position for hire after she was terminated.

41. Plaintiff was terminated because of and with the primary motivating factor being her age.

## COUNT I
## Violations of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination: Wrongful Termination & Failure to Hire)

---

(i) any class, unit, or group of individuals covered by such program, any eligibility factors for such program, and any time limits applicable to such program; and

(ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.

29 U.S.C. § 626(f)(1)(H). The purpose of this provision is "to ensure that older employees are provided with information necessary to evaluate any potential ADEA claims they may have before deciding to release them." *Burlison v. McDonald's Corp.*, 455 F.3d 1242, 1247 (11th Cir. 2006). In evaluating whether the employer's § 626(f)(1)(H) disclosure was sufficient, then, the relevant question is whether the employees were "provided with the age and job-title information that would be relevant if the employees were to bring an age discrimination claim arising out of their termination." *Adams v. Moore Business Forms, Inc.*, 224 F.3d 324, 329 (4th Cir. 2000). To achieve this goal, the OWBPA first requires the employer to inform the employees as to "any class, unit, or group of individuals covered by such program." Section 626(f)(1)(H)(i).

[5] An employer who *selectively* cleans house cannot hide behind convenient euphemisms such as "downsizing" or "streamlining." Whether or not trimming the fat from a company's organizational chart is a prudent practice in a particular business environment, the employer's decision to eliminate specific positions **must not be tainted by a discriminatory animus**. *LeBlanc v. Great Am. Ins. Co*., 6 F.3d 836, 844-45 (1st Cir.1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994); *Goldman v. First Nat'l Bank*, 985 F.2d 1113, 1118-19 (1st Cir.1993); *Montana v. First Fed. Sav. & Loan Ass'n*, 869 F.2d 100, 105, 107 (2d Cir.1989); *Dister v. Continental Group, Inc*., 859 F.2d 1108-1115 (2d Cir.1988); *Pearlstein v. Staten Island Univ. Hosp*., 886 F.Supp. 260, 268-69 (E.D.N.Y.1995); *Maresco v. Evans Chemetics*, 964 F.2d 106, 111 (2d Cir.1992); *Mesnick*, 950 F.2d at 825; *Pearlstein*, 886 F.Supp. at 268-69.).

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff timely filed a Charge of discrimination, and she files this lawsuit within 90 days of receiving a notice of case closure and/or a right-to-sue letter. She properly exhausted her administrative remedies to proceed herein for claims of age discrimination pursuant to a properly perfected Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge # 530-2022-00124.

44. Plaintiff's termination because of her age constitutes a violation of the ADEA, and Defendant's surreptitious and invalid attempts at age-discrimination waiver through severance constitutes a violation of the OWBPA (as Amending the ADEA).

45. Further, Defendant's refusal to hire Plaintiff for any additional positions available in her same role following her separation as a result of her age constitute impermissible violations of the ADEA.

## COUNT II
## Violations of the Americans with Disabilities Act, as amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination: Failure to Hire
[2] Retaliation: Failure to Hire)

46. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

47. At all relevant times, Plaintiff was qualified to perform all of the essential functions of her job with reasonable accommodations.

48. Plaintiff suffered from qualifying disabilities under the ADA, which affected her ability to perform daily life activities, as aforestated.

49. Defendant point blank refused to hire Plaintiff for a job, though she was exceptionally qualified for that role, and had applied -- merely because Plaintiff had notified Defendant of her disabilities and related need for accommodations.

50. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, to punish Defendant for its willful conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf
Christine E. Burke
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 20, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Elaine Vernon | : | CIVIL ACTION |
| v. | : | |
| Genesis Healthcare Inc., d/b/a Genesis Healthcare | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 1/20/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 112 Tracy Circle, Laurel, DE 19956

Address of Defendant: 101 E. State Street, Kennett Square, PA 19348

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/20/2022   _____   ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/20/2022   _____   ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VERNON, ELAINE

**(b)** County of Residence of First Listed Plaintiff: Sussex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
GENESIS HEALTHCARE INC., D/B/A GENESIS HEALTHCARE

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | X 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621); ADA (42USC12101)

Brief description of cause:
Violations of the ADEA, ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/20/2022
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____